UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

M. ALVIN FISI,

    Plaintiff,

v.                                            Case No.  23-11825

EXTRA SPACE STORAGE, INC., *et al.*,    Sean F. Cox
                                                         United Stated District Court Judge

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE FOR IMPROPER VENUE

Acting *pro se*, Plaintiff M. Alvin Fisi filed this civil action on July 26, 2023, based upon diversity jurisdiction.

Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis*. That application, however, is incomplete.  For example, it reflects that Plaintiff owns stocks and trusts but states that "no information is available" as to those assets.

Under these circumstances, this Court would normally issue an order requiring Plaintiff to provide more complete information in support of the application to proceed *in forma pauperis*. The Court will not do so here, however, because upon initial review of Plaintiff's complaint the Court concludes that venue is lacking and this case should be dismissed without prejudice for lack of venue.

Venue in a civil action is governed by 28 U.S.C. § 1391(b). That venue statute provides as follows:

    A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. 1391(b).  Congress has instructed district courts to dismiss, or in the interest of justice transfer, a case filed in the wrong division or district. 28 U.S.C. § 1406(a).  The decision to dismiss or transfer a case under this section lies within the court's sound discretion. *Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (citing *First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998)).

While courts generally refrain from *sua sponte* dismissing an action for improper venue, such dismissal is properly within the court's discretion in certain circumstances.  *Johnson v. Christopher*, 233 F. App'x 852, 853-54 (10th Cir. 2007) (affirming district court's *sua sponte* dismissal without prejudice pursuant to § 1406(a) when proper venue was located in the Northern District of Oklahoma and case was filed in the Eastern District of Oklahoma in lieu of transferring action); *Davis v. Reagan*, No. 88-6419, 1989 WL 40200 at *1 (6th Cir. 1989) (affirming *sua sponte* pre-service dismissal on grounds of improper venue in case filed in Tennessee, where proper venue was in the Western District of Pennsylvania); *Day v. City of Galveston*, 480 F. App'x 119, 121 (3d Cir. 2012) (*sua sponte* dismissal for improper venue harmless error when there is no conceivable basis for venue in the Eastern District of Pennsylvania and there is no indication that transferring instead of dismissing might be in the

2

interests of justice); *Nation of Islam v. Penn. Dep't of Corr.*, No. 12-82, 2012 WL 529546 at *2 (W.D. Pa. Feb. 1, 2012) (report and recommendation that case be *sua sponte* transferred from the Western District of Pennsylvania to the Middle District of Pennsylvania on grounds of improper venue), *adopted in* 2012 WL 529238 (W.D. Pa. Feb. 17, 2012). Decisions, including those cited above, reflect that *sua sponte* dismissals occur even in actions brought by pro se plaintiffs. *Id.* Courts also have held that an action may be dismissed under 28 U.S.C. § 1915 when improper venue is "obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006); *see also Lea v. Warren Cnty.*, No. 16-5329, 2017 WL 4216584, at *2 (6th Cir. May 4, 2017) (affirming district court's *sua sponte* dismissal for improper venue).

From the face of Plaintiff's Complaint filed in this action, venue in this District is clearly improper. The Complaint states that Plaintiff resides in Romulus, Michigan. The Complaint reflects that Defendant Extra Space Storage, Inc. is a Utah corporation with the relevant branch being located in Fort Worth, Texas. It states that Defendant Brittnay (the former store manager) is a resident of Forth Worth, Texas, that Defendant Shilo (the new store manager) is a resident of Forth Worth, Texas, and that Defendants Bob Hamilton and Richard Brooks (the Assistant and Regional Manager) are also residents of Fort Worth, Texas. All of the events at issue are alleged to have occurred in Fort Worth, Texas. No action or injury is alleged to have occurred in this District. Even under a liberal reading of Plaintiff's Complaint, the allegations in Plaintiff's complaint have no relationship to this District.

Therefore, the Court concludes that venue is improper and shall dismiss Plaintiff's complaint without prejudice. Plaintiff may refile the Complaint in a proper venue.

Accordingly, the Court **ORDERS** that this action is **DISMISSED WITHOUT**

**PREJUDICE** for improper venue.  That renders all other motions filed in this action **MOOT**.

    **IT IS SO ORDERED.**

s/Sean F. Cox  
Sean F. Cox  
United States District Judge

Dated:  July 28, 2023